

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Robert D. Oswalt
County Attorney
Wilbarger County
Vernon, Texas

Dear Sir:

Opinion No. 0-3480
Re: Can a tax collector
levy upon personal
property about to be
removed from the county
prior to the assessment
for taxes.

We have your request for an opinion of this
department as to whether your tax collector can by virtue
of Article 7268, Vernon's Revised Civil Statutes, levy
upon personal property about to be removed from your
county to another county in this State or must he rely
upon Article 7270 of Vernon's Revised Civil Statutes.

Your request advises us that all of the taxes
of the tax payer in question have been paid except the 1941
taxes which have been duly rendered. Your letter further
recites:

"The property having been duly rendered
for taxation in Wilbarger County for the taxa-
ble year 1941, said taxes not being due; the
roll not having been made; the rate having not
been set and passed upon by the Commissioners'
Court of said County; nor the roll been sent
to the Comptroller. Does the Tax Collector
have the authority to levy upon property on
which the taxes are not due? Do the conditions
precedent have to be complied with before the
Tax Collector has the authority to collect
taxes which are not delinquent?"

Honorable Robert D. Oswalt, Page 2


Article 7268 of Vernon's Revised Civil Statutes, reads as follows:

"If it come to the knowledge of the tax collector that any personal property assessed for taxes on the rolls is about to be removed from the county, and the owner of such property has not other property in the county sufficient to satisfy all assessments against him, the collector shall immediately levy upon a sufficiency of such property to satisfy such taxes and all costs, and the same sell in accordance with the law regulating sales of personal property for taxes unless the owner of such property shall give bond, with sufficient security payable to and to be approved by the collector, and conditioned for the payment of the taxes due on such property, on or before the first day of January next succeeding."

The above statute reveals to us that the words "assessed for taxes" in the second line of this statute are the key words to be considered in answering your question. Your attention is called to the provision that the collector may make a levy upon property sufficient to satisfy the taxes and costs provided that personal property assessed for taxes is about to be removed from the county and that the owner of that property does not have other property within the county to satisfy all assessments against him. It appears clear to us that the words "assessed" and "assessment" are important in determining the intention and the scope of this statute.

The constitution and the statutes of Texas do not provide for a lien upon personal property for state and county taxes prior to a levy being made by the collector.

In the case of Republic Insurance Company versus Highland Park Independent School District of Dallas County, 57 S. W. (2d) 627, the court said:

"An assessment as provided by law, is an indispensable prerequisite to the validity of a tax against an individual."

Honorable Robert D. Oswalt, Page 3

The authorities of various states are not in agreement upon the meaning of assessment, but the law in Texas seems to be well settled by the statement of Judge Brown in the case of State vs. Farmer, 59 S. W. 541. His statement was:

"It is the assessment made annually by the officers of the State, under and in accordance with the law, which holds a lien upon the land. The word 'assessment', as here used, evidently means the sum which has been ascertained as the apportioned part of the tax to be charged against the particular piece of property; but under our Constitution, and the provisions of our statute, the word embraces more than simply the amount, and includes the procedure on the part of the officials by which the property is listed, valued, and finally the pro rata declared."

Thus, the assessment must be made before the State's lien is fixed upon real property. Under this authority the assessment constitutes more than the mere listing of the property of the individual tax payer.

Under the facts given us in your letter, the tax roll has not been made; the rate has not been set and passed upon by the Commissioners' Court and there is no showing that the property has been listed and a valuation fixed upon the property of this tax payer or other tax payers of your county. This tax payer owes no tax, in fact, there is no tax to be collected until the assessment is made.

We do not think that the facts disclose that taxes have been assessed upon the property about to be removed from your county within the contemplation of Article 7268, Vernon's Revised Civil Statutes. Therefore, we are of the opinion that the tax collector is, under the circumstances outlined in your letter, compelled to rely upon Article 7270 for the collection of these taxes.

APPROVED MAY 9, 1941

Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

MH:lh

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Morris Hodges

Morris Hodges
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN